UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

NEVILLE REDD,

                                 Plaintiff,

    -against-                                      9:18-CV-0158 (LEK/DEP)

THE STATE OF NEW YORK
DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,

                                 Defendant.

## **DECISION AND ORDER**

**I.    INTRODUCTION**

Pro se plaintiff Neville Redd commenced this civil rights action pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement at Clinton Correctional Facility in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Complaint"). On March 1, 2018, Plaintiff requested leave to proceed in forma pauperis. Dkt. No. 6 ("IFP Application").

By Decision and Order dated March 22, 2018, the Court granted Plaintiff's IFP Application, but found that the Complaint failed to state a claim upon which relief could be granted. Dkt. No. 8 (the "March Order"). The Court held that Plaintiff's claims against DOCCS were barred by the Eleventh Amendment. <u>Id.</u> at 5–6. All of Plaintiff's § 1983 claims for monetary damages against DOCCS were therefore dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). <u>Id.</u> at 6. In addition, the Court found that, even if Plaintiff could identify a proper defendant, his "Eight Amendment claim is not viable because the facts alleged in the Complaint do not suggest that any officer or prison official knew of a

particular risk to Plaintiff's safety or was deliberately indifferent for failing to protect Plaintiff." Id. at 6–7 (citing Paris v. N.Y. State Dep't of Corr. Servs., 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013)). However, in light of his pro se status, the Court granted Plaintiff an opportunity to submit an amended complaint rectifying those pleading deficiencies. Id. at 8.

Presently before the Court is Plaintiff's amended complaint, which was timely filed on April 5, 2018. Dkt. No. 9 ("Amended Complaint"). Construed liberally, the Amended Complaint alleges that DOCCS subjected Plaintiff to cruel and unusual punishment in violation of his Eighth Amendment rights, entitling him to monetary damages. Id. at 6. For the reasons set forth below, this action is dismissed with prejudice because Plaintiff has failed to state a claim upon which relief can be granted.

## II.   BACKGROUND

The facts below are drawn from the Amended Complaint as construed with the utmost leniency. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers").

On September 12, 2017, Plaintiff was involved in an altercation with another inmate. Am. Compl. at 5. As a result of that incident, Plaintiff suffered a fracture to his right eye requiring surgery and several hospital visits. Id. Plaintiff was also "put on keeplock," a form of solitary confinement, for seventy-five days. Id. On November 17, 2017, Plaintiff was moved to another facility in order to attend court proceedings; he returned to Clinton on January 9, 2018. Id. Three days later, Plaintiff was assaulted by an unidentified inmate while in the yard for scheduled recreation. Id. at 4–5. The unidentified assailant used a razor blade to cut the left side of Plaintiff's face. Id. at 4. As a result of the incident, Plaintiff suffered a four-inch laceration on the

left side of his face, requiring twelve stitches. Id. Plaintiff claims that the January 2018 attack was retaliation for the September 2017 incident. Id. at 5.

On January 12, 2018, Plaintiff submitted a request for voluntary protective custody, and on January 25, 2018, after an interview with a counselor, Plaintiff was assigned to protective custody status. Id. at 7.

### III.    LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b) was discussed at length in the March Order and will not be restated here. Mar. Order at 2–4.

### IV.    DISCUSSION

#### A. Claims Against DOCCS

As stated above, the Amended Complaint, when liberally construed, states a § 1983 claim for monetary damages against DOCCS. However, because Plaintiff's claims against DOCCS were previously dismissed with prejudice, Mar. Order at 5–6, Plaintiff is not permitted an opportunity to replead. Therefore, the identical claims in his Amended Complaint also fail to state a claim and are once again dismissed.

#### B. Claims Against Other Defendants

As noted above, the March Order dismissed Plaintiff's Eighth Amendment claim because the Complaint failed to suggest that any officer or prison official knew of any risks to Plaintiff's safety or was deliberately indifferent for failing to protect Plaintiff. Mar. Order at 6–7. The Court therefore specifically instructed Plaintiff that, should he choose to file an amended complaint, "he must satisfy these requirements to state a valid claim." Id. at 7.

Even construed liberally, the Amended Complaint does not identify any individuals who participated in or knew about the events alleged to have occurred. Plaintiff did attach to the Amended Complaint a "Voluntary Protective Custody Status Consideration Form," which includes the name of the sergeant who received his January 12, 2018 request for protective custody, as well as the illegible signatures of both the counselor who interviewed Plaintiff and the prison superintendent. Am. Compl. at 7. But Plaintiff does not indicate how, if at all, those individuals were involved in the alleged wrongdoing, nor does the Amended Complaint name those individuals as defendants. Rule 10(a) of the Federal Rules of Civil Procedure stipulates that "[t]he title of the complaint must name all the parties." See also Abbas v. Untied States, No. 10-CV-141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) ("[It is] infeasible for the Court to determine which of the individual custody officers mentioned in the body of the complaint should be deemed to be defendants to [which] claims."). Therefore, the Court will not construe the Amended Complaint to assert any claims against any individual not named in the caption or identified as a defendant.

As such, after reviewing the Amended Complaint and according it the utmost liberality in light of Plaintiff's pro se status, the Court is not able to discern either a factual or legal basis for this action. Since Plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. See Abascal v. Hilton, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan. 30, 2008) (Kahn, J.) ("Of course, granting a *pro se* plaintiff an opportunity to amend is not required where the plaintiff has already been given a chance to amend his pleading.").

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Plaintiff by regular mail.

**IT IS SO ORDERED.**

DATED:   April 19, 2018
         Albany, New York

Lawrence E. Kahn
U.S. District Judge